NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2563
_____

UNITED STATES OF AMERICA


v.

RAFAEL PENA-GONELL,


Appellant.


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00264-001)
District Judge: Hon. Juan R. Sanchez


_____

Submitted under Third Circuit LAR 34.1(a)
June 21, 2011

Before: HARDIMAN and ALDISERT, Circuit Judges, and RESTANI,* Int'l Trade
Judge.

(Filed June 22, 2011)


_____

OPINION OF THE COURT
_____

---

*Honorable Jane A. Restani, Judge of the United States Court of International Trade,
sitting by designation.

ALDISERT, Circuit Judge.

Appellant Rafael Pena-Gonell pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to conspiracy to distribute and actual distribution of several kilograms of powder cocaine. He now appeals the sentence he received, contending that the District Court misapplied the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). We will affirm.

I.

Rafael Pena-Gonell pleaded guilty to one count of conspiring to distribute cocaine in excess of five kilograms, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of distribution of two kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). At sentencing, the District Court determined that Pena-Gonell's base offense level was 32. It then made three adjustments to that calculation. First, it found that Pena-Gonell obstructed justice by threatening a witness, and applied a two-level upward adjustment pursuant to § 3C1.1 of the Guidelines. Second, it found that Pena-Gonell had a supervisory or leadership role in his offense and applied a two-level upward adjustment pursuant to § 3B1.1 of the Guidelines. Third, it granted a two-level downward adjustment for acceptance of responsibility, pursuant to § 3E1.1(a) of the Guidelines. These adjustments yielded a final offense level of 34, which—at Pena-Gonell's Criminal History Category I—produced a sentencing range of 151 to 188 months' imprisonment. Pena-Gonell then requested a departure pursuant to 18 U.S.C. § 3553(f). The District Court denied the departure and sentenced him to 168 months' imprisonment and 5 years of supervised release. Pena-Gonell timely appealed.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have

2

jurisdiction pursuant to 28 U.S.C § 1291 and 18 U.S.C. § 3742.

Our review of the District Court's interpretation of the Guidelines is plenary. United States v. Kulick, 629 F.3d 165, 168 (3d Cir. 2010) (citing United States v. Pena, 268 F.3d 215, 219 (3d Cir. 2001)). We review the District Court's factual findings for clear error. Id. (citing United States v. Rudolph, 137 F.3d 173, 178 (3d Cir. 1998)). We find clear error if, when reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been committed." Id. (internal quotations and citations omitted).

III.

Pena-Gonell contends that the District Court made three errors at sentencing, by (1) applying an obstruction of justice adjustment, (2) applying a leadership or aggravating role adjustment, and (3) denying his request for an 18 U.S.C. § 3553(f) departure. We disagree.

First, the District Court correctly applied an obstruction of justice adjustment. Section 3C1.1 of the Sentencing Guidelines instructs a District Court to apply a two-level adjustment if it finds that the defendant obstructed or attempted to obstruct the administration of justice:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

A defendant obstructs justice by, among other things, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." Id. cmt. n.4. In this case, two witnesses testified that Pena-Gonell

3

had asked his brother to kidnap and kill his codefendant, and his codefendant's three-year-old son. There was also testimony that Pena-Gonell threatened his codefendant's wife, who was cooperating with the government. This testimony, which the District Court credited as truthful, fully supported its conclusion that Pena-Gonell obstructed, or attempted to obstruct, justice. We are not "left with the definite and firm conviction that a mistake has been committed," Kulick, 629 F.3d at 168 (internal quotation marks and citation omitted), and we will not reverse the District Court on this ground.

Second, the District Court correctly applied a two-level upward adjustment on the basis that Pena-Gonell had a leadership role in his crimes. Section 3B1.1(c) of the Sentencing Guidelines provides for a two-level upward adjustment, "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity . . ." To qualify for adjustment under § 3B1.1, "[T]he defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." Id. cmt. n.2. Two witnesses involved in the same drug organization as Pena-Gonell testified that on multiple occasions they had seen him give orders to subordinate members of the organization. These witnesses also testified that Pena-Gonell's brother was the head of the organization, and Pena-Gonell was second in command. This evidence fully supports the District Court's conclusion that he was "an organizer, leader, manager, or supervisor in any criminal activity." Id. We will affirm its application of a two-level adjustment.

Third, the District Court correctly held that § 3553(f)'s departure provision did not apply to this case. By statute, defendants who make certain showings are entitled to be sentenced without regard to the statutory minimum sentence for their crime. See 18 U.S.C. § 3553(f). This is sometimes referred to as a "safety valve" provision. To qualify for the safety valve, a defendant must meet five criteria, including that the defendant was

"not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." See § 3553(f)(4). The Sentencing Guidelines provide that a defendant who meets the § 3553 criteria is entitled to a two-level reduction to his or her base offense level. See U.S.S.G. § 5C1.2. Pena-Gonell contends that he was entitled to a two-level adjustment pursuant to the safety valve provision, but we disagree. The District Court found, based on ample evidence and credible testimony, that Pena-Gonell was an organizer and manager in his drug distribution organization. This finding disqualifies him from the safety valve provision. The District Court therefore correctly declined to apply a two-level reduction to his base offense level. See U.S.S.G. § 5C1.2. We therefore affirm his sentence.

* * * * *

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.